UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
TROY DANIELS,

               PLAINTIFF,

   -AGAINST-                                             **SUMMONS IN**
                                                            **A CIVIL CASE**

THE CITY OF NEW YORK, POLICE OFFICER VANESSO
JOSEPH, AND POLICE OFFICER JOHN ARIAS

              DEFENDANTS.
-------------------------------------------------------------------------x

To:    City of New York
        100 Church Street
        New York, N.Y. 10007

        Police Officer Vanesso Joseph
        NYPD 90th Precinct
        211 Union Ave
        Brooklyn, N.Y. 11211

        Police Officer John Arias
        NYPD 103rd Precinct
        168-02 91st Avenue
        Jamaica, N.Y. 11432

YOU ARE HEREBY SUMMONED and required to serve upon Plaintiff's Attorney

        Robin C. Smith, Esq.
        802 B Street
        San Rafael, CA 94901

an answer to the complaint, which is herewith served upon you, within Twenty Days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____        _____
CLERK                                                          DATE

_____
(BY) DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
TROY DANIELS,

           PLAINTIFF,

   -AGAINST-                                        **COMPLAINT**

THE CITY OF NEW YORK, POLICE OFFICER VANESSO JOSEPH,
AND POLICE OFFICER JOHN ARIAS.

           DEFENDANTS.
------------------------------------------------------------------------------x

     Plaintiff, Troy Daniels, by his attorney, Robin C. Smith Esq. to this verified complaint alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which Plaintiff seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Sixth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

2. On August 22, 2019, Police Officers Vanesso and Arias arrested Plaintiff without probable cause, used excessive force on Plaintiff and held Plaintiff for an excessive period of time. Plaintiff was subjected to an unlawful strip search.

**JURISDICTION**

3. Jurisdiction is conferred upon this court by 28 U.S.C. § 1343 (3) and (4), which provides for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. § 1983, which provides jurisdiction over all cases brought pursuant to the Constitution of the United States.

**PARTIES**

4. During all times relevant to this action, Plaintiff was and is a resident of the County of Kings, City and State of New York, residing at 797 Vermont Street, Brooklyn, New York 10207.

5. During all times relevant to this action, Police Officers Vanesso and Arias were duly appointed and acting officers of the Police Department of the County of Kings, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the County of Kings.

6. During all times relevant to this action, Defendant City of New York is the public employer of Police Officers Vanesso and Arias.

7. At all times relevant to this action, Defendant City of New York operates the New York Police Department.

**FACTS**

8. On August 22, 2019, at approximately 11:00 p.m. outside of 131 Monroe Street, Brooklyn, New York, Police Officers Vanesso and Arias arrested Plaintiff.

9. Prior to Plaintiff's arrest, Plaintiff was talking to his cousin and did not see officers approaching him. Officers Vanesso, Arias and other officers tackled Plaintiff forcefully from behind into a gate, causing Plaintiff to hit the back of his head on the gate.

10. As a result of being tacked into the gate, Plaintiff sustained cuts on the back of his neck, his arms and on his back.

11. No one announced themselves as law enforcement, the officers were not in uniform and did not display their badges.

12. Plaintiff stood up off of the floor and questioned the officer about why he tackled him, and the officer told Plaintiff to "shut the fuck up and turn around."

13. Plaintiff asked, "what are you doing?" and the officer responded, "you're about to get locked up." When Plaintiff asked why he was being arrested, the officer did not respond to the question but cursed at him and called Plaintiff racial slurs such as "black nigger."

14. Plaintiff was incarcerated for approximately twenty-four hours. He was released on his own recognizance.

15. Plaintiff's case was dismissed in November of 2019.

16. Without probable cause and without any legal right, Police Officers Vanesso and Arias, while acting within the scope of their authority, intentionally, wrongfully, unlawfully and maliciously held Plaintiff against his will while he was aware of the confinement for approximately 24 hours.

17. Plaintiff's fingerprints and photographs of Plaintiff were taken at the Precinct.

18. Plaintiff was strip searched at the Precinct.

19. As a result of the violation of his Constitutional Rights, Plaintiff suffered from and suffers from physical, economic and emotional injuries.

**FIRST CAUSE OF ACTION FOR FALSE ARREST AND UNLAWFUL IMPRISONMENT PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANT CITY OF NEW YORK AND POLICE OFFICERS VANESSO AND ARIAS**

20. Plaintiff repeats, realleges and incorporates in full paragraphs the contents of Paragraphs 1 through 19.

21. Police Officers Vanesso and Arias had no probable cause, nor reasonable belief that probable cause existed to arrest Plaintiff and seize Plaintiff's person.

22. Police Officers Vanesso and Arias intentionally confined plaintiff for a period of approximately 24 hours without Plaintiff's consent, while Plaintiff was conscious of the confinement, without the privilege, right or just cause.

23. Police Officers Vanesso and Arias in arresting and detaining Plaintiff without probable cause, nor reasonable belief that probable cause existed, abused their power and authority as employees of the City of New York and under the color of state and/or local law.

24. Upon information and belief, it was the deliberate choice, policy and custom of Defendant City of New York to fail to adequately supervise and train its police officers, including Police Officers Vanesso and Arias in a manner to discourage unlawful arrests, causing Police Officers Vanesso and Arias to arrest Plaintiff without probable cause nor reasonable belief that probable cause existed.

25. Upon information and belief, it was the deliberate choice, policy and custom of Defendant City of New York to fail to adequately supervise and train its police officers, including Police Officers Vanesso and Arias in a manner to discourage unlawful imprisonment, causing Police Officers Vanesso and Arias to unlawfully detain Plaintiff for approximately 24 hours.

26. As a result of the above-described deliberate choices, policies and customs, police officers employed by City of New York, including Police Officers Vanesso and Arias, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

27. The above-described deliberate choices, policies and customs demonstrated a deliberate indifference on the part of the policy makers of the Defendant City of New York to the constitutional rights of persons residing and doing business within the City of New York and were the cause of violations of Plaintiff's rights alleged herein.

28. By reason of their acts and omissions, Defendants Vanesso and Arias, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to an unreasonable seizure in violation of the Fourth and Fourteenth Amendments of United States Constitution.

29. As a result of the Defendants conduct, Plaintiff suffered deprivation of liberty and privacy, has been adversely affected in employment and in ordinary life's pursuits and, in addition, was emotionally traumatized and was caused, permitted and allowed to fear for his physical safety, suffer humiliation, embarrassment, anxiety and ridicule and suffer all the disabling mental and emotional symptoms of such injuries, all of which may be permanent and have caused diminution in the quality of Plaintiff's life.

30. In addition, the acts of the Defendants Vanesso and Arias and City of New York were so egregious and reprehensible and were performed in a manner which so violates the law and which were so outrageous that it constitutes conduct that no civilized society should be required to tolerate and, in addition to all the damages inflicted to the Plaintiff and, in addition to all of the measures of relief to which Plaintiff may properly be entitled herein, Defendants Vanesso and Arias and City of New York should also be required to pay punitive damages to punish them for their reprehensible conduct and to deter them from such conduct in the future, and as an example to others similarly situated.

31. Plaintiff, therefore, pursuant to 42 U.S.C. § 1983, seeks compensatory damages in this cause of action for pain and suffering for the emotional harm inflicted to Plaintiff in the sum of Five Hundred Thousand ($500,000.00) Dollars and the additional and further sum of Five Hundred Thousand ($500,000.00) for punitive damages making a total of One Million ($1,000,000.00) Dollars, as well as attorney's fees and all other damages available under the statute upon which this cause of action is predicated.

### SECOND CAUSE OF ACTION FOR UNLAWFUL STRIP SEARCH IN VIOLATION OF 42 U.S.C. § 1983 AGAINST DEFENDANTS CITY OF NEW YORK AND JANE DOE/JOHN DOE

32. Plaintiff repeats, realleges and incorporates in full paragraphs the contents of Paragraphs 1 through 31.

33. Police Officer Doe had no individualized reasonable suspicion of concealed weapons or contraband to justify strip-searching Plaintiff.

34. Police Officer Doe intentionally, without right, privilege or just cause strip-searched Plaintiff.

35. Police Officer Doe's action of strip-searching Plaintiff without just cause, nor reasonable belief that just cause existed, abused his power and authority as an employee of the City of New York and under the color of state and/or local law.

36. Upon information and belief, it was the deliberate choice, policy and custom of Defendant City of New York to fail to adequately supervise and train its police officers, including Police Officer Doe, in a manner to discourage unlawful strip searches, thereby failing to adequately discourage further constitutional violations committed by police officers, causing Plaintiff to be strip-searched.

37. As a result of the above described deliberate choices, policies and customs police officers employed by Defendant City of New York, including Police Officer Doe believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

38. The above described deliberate choices, policies and customs demonstrated a deliberate indifference on the part of the policy makers of the City of New York to the constitutional rights of arrestees and were the cause of violations of Plaintiff's rights alleged herein.

39. By reason of his acts and omissions, Police Officer Doe while acting under color of state law and within the scope of his authority, in gross and wanton disregard of Plaintiff's rights subjected Plaintiff to an unreasonable search in violation of the Fourth and Fourteenth Amendments of United States Constitution.

40. As a result of Defendant City of New York and Police Officer Doe's conduct, Plaintiff suffered emotional injury causing Plaintiff to experience emotional distress, future emotional distress, lost pay due to Plaintiff's inability to work and economic injuries. All of said injuries may be permanent and all have caused diminution in the quality of Plaintiff's life.

41. As a result of Defendant City of New York acts and omissions, Plaintiff suffered deprivation of liberty and privacy, has been adversely affected in employment and in ordinary life's pursuits and, in addition, was emotionally traumatized and was caused, permitted and allowed to fear for him physical safety, suffer humiliation, embarrassment, anxiety and ridicule and suffer all the disabling mental and emotional symptoms of such

injuries, all of which may be permanent and have caused diminution in the quality of Plaintiff's life.

42. In addition, the acts of the Defendant City of New York were so egregious and reprehensible and were performed in a manner which so the violates law and which were so outrageous that it constitutes conduct that no civilized society should be required to tolerate and, in addition to all the damages inflicted to the Plaintiff and, in addition to all of the measures of relief to which Plaintiff may properly be entitled herein, Defendant City of New York should also be required to pay punitive damages to punish it for its reprehensible conduct and to deter it from such conduct in the future, and as an example to others similarly situated.

43. Plaintiff, therefore, pursuant to 42 U.S.C. § 1983, seeks compensatory damages in this cause of action for past and future medical expenses, emotional distress for the emotional harm inflicted to him in the sum of Five Hundred Thousand ($500,000.00) Dollars and the additional and further sum of Five Hundred Thousand ($500,000.00) Dollars for punitive damages making a total of one million ($1,000,000.00) Dollars, as well as attorney's fees and all other damages available under the statute upon which this cause of action is predicated.

### THIRD CAUSE OF ACTION FOR EXCESSIVE FORCE AND ASSAULT AND BATTERY PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANT CITY OF NEW YORK AND POLICE OFFICERS VANESSO AND ARIAS

44. Plaintiff repeats, realleges and incorporates in full paragraphs the contents of Paragraphs 1 through 43.

45. Police Officers Vanesso and Arias, while acting within the scope of their authority, without any just cause or legal right, using excessive force, tackled Plaintiff

into a fence, impacting his head, causing Plaintiff to have both earrings knocked out of his ears and caused Plaintiff cuts to his neck, arms and back.

46. Police Officers Vanesso and Arias' conduct constituted objectively unreasonable, unnecessary and excessive force.

47. Police Officers Vanesso and Arias' intentional and objectively unreasonable, unnecessary and excessive use of force caused Plaintiff to be placed in reasonable fear of imminent harmful and offensive bodily contact.

48. Police Officers Vanesso and Arias' conduct in using objectively unreasonable, excessive and unnecessary force against Plaintiff without cause or Plaintiff's consent, abused their power and authority as employees of the City of New York and under the color of state and/or local law.

49. Upon information and belief, it was the deliberate choice, policy and custom of Defendant City of New York to fail to train its police officers to avoid using excessive force and injuring arrestees, including Police Officers Vanesso and Arias, thereby failing to adequately discourage further constitutional violations committed by Police Officers, causing Police Officers Vanesso and Arias to injure Plaintiff.

50. As a result of the above-described deliberate choices, policies and customs, police officers employed by Defendant City of New York, including Police Officers Vanesso and Arias, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

51. The above-described deliberate choices, policies and customs demonstrated a deliberate indifference on the part of the policy makers of the Defendant City of New

York to the constitutional rights of persons residing within the City of New York and were the cause of violations of Plaintiff's rights alleged herein.

52. By reason of their acts and omissions, Defendants Vanesso and Arias, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights subjected Plaintiff to an unreasonable seizure in violation of the Fourth and Fourteenth Amendments of United States Constitution.

53. As a result of Defendants Vanesso and Arias and City of New York's' conduct, Plaintiff suffered physical injury causing Plaintiff to experience pain and suffering, future pain and suffering, disabling physical symptoms and economic injuries. All of said injuries may be permanent and all have caused diminution in the quality of Plaintiff's life.

54. As a result of Defendants Vanesso and Arias and City of New York's' conduct, Plaintiff was deprived of privacy and liberty, has been adversely affected in employment and in ordinary life's pursuits and, in addition, was emotionally traumatized and was caused, permitted and allowed to fear for his physical safety, suffer humiliation, embarrassment, anxiety and ridicule and suffer all the disabling mental and emotional symptoms of such injuries, all of which have caused diminution in the quality of Plaintiff's life and may be permanent.

55. In addition, the acts of the Defendants Vanesso and Arias and City of New York were so egregious and reprehensible and were performed in a manner which so violates the law and which were so outrageous that it constitutes conduct that no civilized society should be required to tolerate and, in addition to all the damages inflicted to the Plaintiff and, in addition to all of the measures of relief to which Plaintiff may properly

be entitled herein, Defendants Vanesso and Arias and City of New York should also be required to pay punitive damages to punish them for their reprehensible conduct and to deter them from such conduct in the future, and as an example to others similarly situated.

56. Plaintiff, therefore seeks compensatory damages in this cause of action for pain and suffering for the physical and emotional harm inflicted to Plaintiff in the sum of Five Hundred Thousand ($500,000.00) Dollars and the additional and further sum of Five Hundred Thousand ($500,000.00) in punitive damages, making a total of One Million ($1,000,000.00) Dollars as well as attorney's fees and all other damages available under the statute upon which this cause of action is predicated.

WHEREFORE, judgment is demanded:

On Plaintiff's First Cause Of Action against Defendants City of New York, Officers Vanesso and Arias in the amount of Five Hundred Thousand ($500,000.00) Dollars for pain and suffering for the emotional harm inflicted to Plaintiff and the additional and further sum of Five Hundred Thousand ($500,000.00) for punitive damages making a total of One Million ($1,000,000.00) Dollars, as well as attorney's fees and all other damages available under the statute upon which this cause of action is predicated.;

On Plaintiff's Second Cause Of Action against Defendants Doe and the City of New York for past and future medical expenses, emotional distress for the emotional harm inflicted to him in the sum of Five Hundred Thousand ($500,000.00) Dollars and the additional and further sum of Five Hundred Thousand ($500,000.00) Dollars for punitive damages making a total of one million ($1,000,000.00) Dollars, as well as

attorney's fees and all other damages available under the statute upon which this cause of action is predicated.

On Plaintiff's Third Cause Of Action against Defendants the City of New York and Officers Vanesso and Arias for pain and suffering for the physical and emotional harm inflicted to Plaintiff in the sum of Five Hundred Thousand ($500,000.00) Dollars and the additional and further sum of Five Hundred Thousand ($500,000.00) in punitive damages, making a total of One Million ($1,000,000.00) Dollars as well as attorney's fees and all other damages available under the statute upon which this cause of action is predicated.

Together with reasonable counsel fees, the costs and disbursements of this action and such other, further and different relief as this Court may deem just and proper.

Dated: April 23, 2021

_____
Robin C. Smith
Attorney for Plaintiff
99 Wall Street Suite 901
New York, New York 10005
415-726-8000