UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
IFEANYI DURHAM and AYANA CINQUE,

        Plaintiffs,                       **FIRST AMENDED COMPLAINT AND JURY DEMAND**

                                                  21-CV-00822-AMD-RER

        -against-

Police Officer RICHARD DANESE,

        Defendant.
-------------------------------------------------------X

    Plaintiffs, IFEANYI DURHAM and AYANA CINQUE, by their attorney, The Rameau Law Firm, allege the following, upon information and belief for this First Amended Complaint:

## **INTRODUCTION**

    1.   This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

## **JURISDICTION**

    2.   This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

## VENUE

3. Venue is properly laid in the Eastern District of New York under U.S.C. § 1291 (b), in that this is the District in which the claim arose.

## JURY DEMAND

4. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(B).

## PARTIES

5. Plaintiff IFEANYI DURHAM is an African-American male, who was a minor at the time when the claim arose, and at all relevant times a resident of the City of New York.

6. Plaintiff AYANA CINQUE is an African-American transgender male and a resident of the City of New York at all relevant times.

7. That at all times hereinafter mentioned, Police Officer RICHARD DANESE was a duly sworn police officer of New York City Police department and was acting under the supervision of said Department and according to his official duties.

8. That at all times hereinafter mentioned the defendant was acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

9. Each and all of the acts of the defendant alleged herein were

done by said defendant while acting within the scope of his employment by the City of New York.

10. Each and all of the acts of the defendant alleged herein were done by said defendant while acting in furtherance of his employment by the City of New York.

## FACTUAL ALLEGATIONS

11. On March 29, 2018, at approximately 10 p.m., plaintiffs DURHAM and CINQUE were lawfully in the area of Quincy Street and Marcy Avenue, in the County of Kings, City and State of New York.

12. Plaintiffs were knocked to the ground and dragged as they stood with their hands up in surrender after being chased by the defendant.

13. They were seized, cuffed, searched and taken to the precinct for processing, even though plaintiffs committed no crime.

14. Plaintiffs were both injured as a result of this attack.

15. Plaintiffs did not resist at the time the force was applied, nor were plaintiffs behaving in a manner that endangered others.

16. The defendant then arrested plaintiffs and transported plaintiffs to a police precinct.

17. At no point in time was it reasonable or necessary to stop plaintiffs, arrest them, and then to use any force against the plaintiffs, much less the force that was actually used, nor could a reasonable officer have believed that the use of such force was reasonable or necessary.

18. At no point did the defendant observe plaintiffs committing any crimes or offenses.

19. Plaintiffs were transported to Central Booking where they were subsequently arraigned on various charges based on fabricated claims by the defendant that were communicated to the District Attorney's Office for purposes of commencing criminal prosecutions against plaintiffs.

20. All charges against plaintiffs were later dismissed and sealed.

21. As a result of the Defendant's actions, Plaintiffs suffered physical injury, loss of liberty, mental, physical and emotional harm.

22. At no point in time was it reasonable or necessary to use any force against the plaintiffs, much less the force that was actually used, nor could a reasonable officer have believed that the use of such force was reasonably or necessary.

23. At all relevant times herein, the defendant was on duty and acting within the scope of his employment.

24. At all relevant times herein, defendant participated directly in the assault on plaintiffs and the affirmative efforts to cover up that assault thereafter.

25. The defendant attempted to cover up their use of excessive force by lying about his actions even though no probable cause existed for plaintiffs' arrest.

**FIRST CLAIM FOR RELIEF**
**§1983 CLAIM AGAINST THE INDIVIDUAL DEFENDANTS**

26. Plaintiffs repeat and reallege each and every allegation as if

fully set forth herein.

27. The defendant used physical force against plaintiffs that was unreasonable and unnecessary, and wholly without justification.

28. The defendant sought to cover up said misconduct by lying about the excessive force and the falsified version of the facts surrounding the arrest of plaintiff.

29. By so doing, the defendant subjected plaintiffs to excessive force and thereby violated plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

30. The defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, and the loss of his constitutional rights.

31. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SECOND CAUSE OF ACTION
## FALSE ARREST UNDER 42 U.S.C. § 1983

32. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

33. As a result of defendant's aforementioned conduct, plaintiffs were subjected to illegal, improper and false arrests by the defendant and taken into custody and caused to be falsely detained by the defendant, without any probable cause, privilege or consent.

34. As a result of the foregoing, plaintiffs' liberty was restricted

for a period of time, and they were put in fear for their safety, were humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### THIRD CAUSE OF ACTION
### UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

35. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

36. Defendant searched plaintiffs in the absence of any individualized reasonable suspicion that plaintiffs were concealing weapons or contraband.

37. As a result of the foregoing, plaintiffs were subjected to an illegal and improper search.

38. The foregoing unlawful search violated plaintiffs' constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

### FOURTH CAUSE OF ACTION
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

39. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

40. Defendant misrepresented and falsified evidence before the District Attorney.

41. Defendant did not make a complete and full statement of facts to the District Attorney.

42. Defendant withheld exculpatory evidence from the District Attorney.

43. Defendant was directly and actively involved in the initiation of criminal case.

44. As a result of the foregoing, plaintiffs sustained, *inter alia,* loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of their constitutional rights.

### FIFTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL

45. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

46. The defendant created false evidence against Plaintiffs.

47. The defendant forwarded false evidence to prosecutors in the Kings County District Attorney's office.

48. In creating false evidence against Plaintiffs, and in forwarding false information to prosecutors, the defendant violated Plaintiffs' constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

49. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

### PRAYER FOR RELIEF

**WHEREFORE,** plaintiffs request that this Court:

(a) Award compensatory damages against the defendant;

(b) Award punitive damages against the individual defendant;

(c) Award costs of this action to the plaintiffs;

(d) Award reasonable attorneys' fees and costs to the plaintiffs pursuant to 28 U.S.C. § 1988;

(e) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a jury trial.

DATED:  Brooklyn, New York
        July 8, 2021

_Amy Rameau_
The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 852-4759
rameaulawny@gmail.com

*Attorney for Plaintiff*

TO: All Defendants
    Corporation Counsel of the City of New York